J-S29013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILFREDO SANTIAGO | : | |
| | : | |
| Appellant | : | No. 3639 EDA 2018 |

Appeal from the PCRA Order Entered November 28, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0902211-1985

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    Filed: August 20, 2020

Wilfredo Santiago appeals from the order entered on November 28, 2018, in the Court of Common Pleas of Philadelphia County, dismissing his first petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546, without a hearing. Santiago seeks relief from the judgment of sentence of life imprisonment imposed on May 27, 2008, following his jury conviction of first-degree murder and possessing an instrument of crime ("PIC").[1] On appeal, Santiago asserts the PCRA court erred in failing to find that trial counsel was ineffective for failing to challenge a purportedly defective reasonable doubt instruction. Based on the following, we affirm. Additionally,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. §§ 2502(a) and 907(a), respectively.

we deny Santiago's motion for remand seeking to raise an additional ineffectiveness claim.

For a recitation of the complete factual background and the procedural history of this case on direct appeal, we refer the reader to this Court's memorandum in **Commonwealth v. Santiago**, 50 A.3d 243 [1708 EDA 2008] (Pa. Super. 2012) (unpublished memorandum at 1-6) ("**Santiago II**"). Briefly, in May of 1985, Santiago, while on a bicycle, rode up to Officer Thomas Trench's patrol car, and shot the officer once in the face and once in the neck, fatally wounding him. In August of 1986, a jury convicted Santiago of first-degree murder and PIC. On direct appeal, a panel of this Court reversed the judgment of sentence and remanded for a new trial. **See Commonwealth v. Santiago**, 591 A.2d 1095 (Pa. Super. 1991) (*en banc*), *appeal denied*, 600 A.2d 953 (Pa. 1991) ("**Santiago I**").

After numerous years of litigation, the matter went to trial in May of 2008. A jury again convicted Santiago of first-degree murder and PIC. On May 28, 2008, the trial court sentenced Santiago to a term of life imprisonment for the murder of Officer Trench, and a consecutive term of two-and-a-half to five years for the PIC conviction. A panel of this Court affirmed the judgment of sentence on May 26, 2012, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on September 9, 2013. **See Commonwealth v. Santiago**, No. 285 EAL 2012 (Pa., filed September 18 2013).

Thereafter, on January 13, 2014, Santiago filed the instant, timely *pro se* PCRA petition. Counsel was appointed, who originally filed a motion to withdraw as counsel, but subsequently filed a *praecipe* to withdraw that motion and contemporaneously filed an amended PCRA petition on September 4, 2017.[2] The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907 on October 29, 2018, finding that the issue raised in Santiago's petition was without merit. Santiago did not file a response. On November 28, 2018, the PCRA court dismissed his petition. Santiago filed a timely notice of appeal on December 18, 2018.[3]

_____

[2] In the counseled petition, Santiago raised one issue – whether trial counsel was ineffective for failing to object to the court's jury instruction regarding reasonable doubt.

[3] The PCRA court directed Santiago to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on December 26, 2018. Santiago complied with the order by filing a statement, dated January 20, 2019, which fell on a Sunday. The statement was docketed two days later. Applying either date, the statement was filed in an untimely manner. An *en banc* panel of this Court previously held that counsel's "untimely filing of the [Rule] 1925 concise statement is the equivalent of a complete failure to file[; b]oth are *per se* ineffectiveness of counsel from which appellants are entitled to the same prompt relief." **Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa. Super. 2009) (*en banc*) (footnote omitted). Moreover, the **Burton** Court stated: "[I]f there has been an untimely filing [of the concise statement], this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare an opinion addressing the issues being raised on appeal." **Id.** Here, the PCRA court issued a Pa.R.A.P. 1925(a) opinion on September 24, 2019, addressing Santiago's claim. Accordingly, we will review the merits of his claim.

In his sole issue on appeal, Santiago contends the PCRA court erred in failing to find trial counsel was ineffective for not challenging the court's reasonable doubt instruction, which he claims was defective. ***See*** Appellant's Brief, at 13. He asserts that since the Commonwealth's case was built on witnesses with significant credibility issues, the alleged defective instruction prejudiced him. Santiago also points to the jury deliberations, where the jury remained deadlocked for six days. ***See id.***, at 21. Santiago claims "it is not hard to see how this [jury] instruction could have negatively affected this verdict against" him. ***Id.***

The court provided the following jury instruction, in relevant part:

Now, ladies and gentlemen, the Commonwealth bears th[e] burden to prove Wilfredo Santiago guilty beyond a reasonable doubt. Although this does not mean that the Commonwealth must prove its case beyond all doubt. The Commonwealth is not required to meet a mathematical certainty, nor must the Commonwealth demonstrate the complete impossibility of innocence.

A reasonable doubt is a doubt that would cause a reasonably, careful, and sensible person to pause, to hesitate, or to refrain from acting upon a matter of the highest importance to their own affairs.

A reasonable doubt must fairly arise out of the evidence that was presented or out of the lack of evidence that was presented with respect to some element of each of the crimes charged.

Now, ladies and gentlemen, I customarily give an example of reasonable doubt, and it's actually very similar to the example

---

It also merits mention that, during this time, Santiago retained private counsel, who entered his appearance on March 7, 2019.

of reasonable doubt that was given by both the lawyers, because I find it to be very helpful to frame your thinking.

When you do think about the fact that if someone you love dearly – and I know each one of you has someone in your life that you love dearly, because I had the great, good fortune to speak with each one of you individually – ladies and gentlemen, if you learned that your loved one had a life-threatening medical condition and the doctor said the best protocol is for surgery and you said, Okay, what else, you'd probably get a second opinion. You'd probably get a third opinion. You'd probably research everything there is to research about this condition.

If you're like me, you'd start going through your Rolodex and calling all yours friends in that unique business of medicine. What do you know? What do you know about this condition? What do you know about this surgery?

Ladies and gentlemen, it's not the research that gives rise to reasonable doubt. It's when you have the record before you and the question is called, do I let my loved one go forward with this surgery or not?

If you go forward, it's not because all doubt [h]as been eliminated. There are no promises. There are no guarantees. If you go forward, it's because you have moved beyond all the reasonable doubt.

Ladies and gentlemen, your obligation is to look at this record in its entirety. What have I told you from the day I met you? Don't talk about this case; don't discuss it with one another; don't discuss it with your family members, because I did not want you to make premature opinions. I did not want you to jump to judgment about this evidence.

So every day I have cautioned you, even to the point of making jokes with you: Let's watch American Idol tonight, let's watch Dancing with the Stars, something to distract you, because you can't make a good decision about my record until the record is complete. The record is now complete and now you evaluate the record.

A reasonable doubt, ladies and gentlemen, must be a real doubt. It may not be a doubt imagined or manufactured to avoid carrying out an unpleasant responsibility.

When I met you, I told you, I wasn't asking you to do something that was easy. Truthfully, ladies and gentlemen, if it was easy, I wouldn't need you. I told you I needed you because I needed you to do something that was important, but I never said it was easy.

A reasonable doubt must be a real doubt, not an imagined one or not one manufactured to avoid carrying out an unpleasant responsibility.

You may not find Wilfredo Santiago guilty based upon a mere suspicion of guilt. The Commonwealth bears the burden of proving Wilfredo Santiago guilty beyond a reasonable doubt. If the Commonwealth has met that burden, then Wilfredo Santiago is no longer presumed to be innocent and you should find him guilty. On the other hand, if the Commonwealth has not met its burden, then you should find him not guilty.

N.T., 5/19/2008, at 203-206.

Our standard of review for an order denying PCRA relief is well settled:

This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

**Commonwealth v. Carter**, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted).

Moreover, concerning ineffective assistance of counsel arguments, we presume counsel is effective, and the appellant bears the burden to prove otherwise. **See Commonwealth v. Bennett**, 57 A.3d 1185, 1195 (Pa. 2012). The appellant must demonstrate: (1) his underlying claim is of arguable merit;

- 6 -

(2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *See Commonwealth v. Solano*, 129 A.3d 1156, 1162-63 (Pa. 2015). Failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *See Commonwealth v. Jones*, 815 A.2d 598, 611 (Pa. 2002).

Lastly, "a jury charge must be read as a whole to determine whether it is fair or prejudicial." *Commonwealth v. Miller*, 746 A.2d 592, 604 (Pa. 2000). "The trial court has broad discretion in phrasing its instructions so long as the law is clearly, adequately and accurately presented to the jury." *Id.* Nevertheless, "[a] trial court's charge to the jury must contain a correct statement of the law." *Commonwealth v. Patosky*, 656 A.2d 499, 505 (Pa. Super. 1995) (citations omitted).

Santiago complains there is arguable merit to the underlying claim because the court's "medical example was so charged, both emotionally and intellectually, that it elevated the reasonable doubt standard so much that it unconstitutionally lessened the Commonwealth's burden of proof." Appellant's Brief, at 20. He states the instruction was constitutionally defective in two ways:

> First, [the trial court] inserted a requirement that any doubt worthy of acquittal must, in essence, be serious and grave. The court did this by giving the jury the example, of a mother rejecting surgery for her dying loved one or even a child. However, the

[c]ourt not only used this example, but then had the client performing their own research and talking to all sorts of other doctors and friends to get opinions and be proactive in their search for the best protocol. Thus, the example provided both an intellectual undertaking plus an emotionally-charged one since a loved one, including a child, could be involved.

Secondly, this example was central to the instruction itself and was virtually the same length, if not more, than the proper standard, however, it was aimed at a different level of the jury's psyche, its emotions. Jurors are supposed to reach their decisions based on guilty and innocence dispassionately.

*Id.*, at 22.

In support of his argument, Santiago relies on *Brooks v. Gilmore*, No. 15-5659, 2017 WL 3475475, 2017 U.S. Dist. LEXIS 127703 (E.D. Pa. Aug. 11, 2017) (report and recommendation), which granted a *writ* of *habeas corpus* on an ineffectiveness claim for counsel's failure to object to a nearly identical reasonable doubt instruction and given by the same trial judge as the one in the present appeal. *See* Appellant's Brief, at 24-25, 31-35.[4] Santiago states the jury instruction at issue elevated the level of doubt necessary for an acquittal under the reasonable doubt standard, which amounted to a due process violation, and "strongly encouraged jurors to resolve any doubts they

---

[4] Santiago also cites to other courts in the Eastern District of Pennsylvania that have determined the instruction to be improper. *See* Appellant's Brief, at 24-25; *see also Brown v. Kaufman*, 425 F. Supp. 3d 395 (E.D. Pa. 2019), *Jackson v. Capozza*, No. 17-5126, 2019 U.S. Dist. LEXIS 34018, (E.D. Pa. Feb. 27, 2019), *McDowell v. Delblaso*, No. 2:18-cv-01466-AB, 2020 WL 61162, 2020 U.S. Dist. LEXIS 1806 (E.D. Pa. 2020).

may entertain in violation of the rule of **Holland v. United States**, 348 U.S. 121 (1954)." Appellant's Brief, at 30.[5]

Santiago further submits that counsel was ineffective for failing to object to the instruction because his inaction could not have been the result of reasonable professional judgment and prejudice is presumed based on the structural error of the improper charge. **See id.**, at 33-35.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the PCRA court, we conclude Santiago's ineffectiveness argument merits no relief. The PCRA court opinion comprehensively discusses and properly disposes of the question presented. **See** PCRA Court Opinion, 9/24/2019, at 6-11) (finding: (1) **Brooks**, as a federal district court decision, was not binding on the PCRA court; (2) this Court[6] as well as other federal district courts[7] have repeatedly upheld the

---

[5] Santiago points to the following language in **Holland**: "We think this section of the [reasonable doubt] charge should have been in terms of the kind of doubt that would make a person hesitate to act, rather than the kind on which he would be willing to act." **Holland**, 348 U.S. at 140 (citation omitted).

[6] **See Commonwealth v. Corbin**, No. 537 EDA 2015 (Pa. Super., filed April 19, 2016) (unpublished memorandum); **Commonwealth v. Gant**, No. 1612 EDA 2007 (Pa. Super., filed September 21, 2009) (unpublished memorandum); **Commonwealth v. Clarkson**, No. 2859 EDA 2003 (Pa. Super., filed August 25, 2004) (unpublished memorandum); **Commonwealth v. Johnson**, No. 1639 EDA 1999 (Pa. Super., August 23, 2000) (unpublished memorandum).

[7] **See Gant v. Giroux**, No. 15-4468, 2017 WL 2825927, 2017 U.S. Dist. LEXIS 100176, (E.D. Pa. Feb. 27, 2017); **Johnson v. Varner**, No. 01-CV-2409, 2003 U.S. Dist. LEXIS 29449 (E.D. Pa. Sep. 4, 2003).

legality and constitutionality of the instruction at issue in non-precedential decisions; (3) because Pennsylvania appellate courts have declined to find error in the instruction, counsel cannot be deemed ineffective for failing to raise a baseless claim; (4) the jury instruction was a proper and accurate example that was used to explain a complicated legal concept; (5) at the beginning and conclusion of the charge, the court included language that was essentially identical to the suggested jury charge set forth in Pennsylvania Suggested Standard Criminal Jury Instruction § 7.01 (titled "Presumption of Innocence: Burden of Proof: Reasonable Doubt"); (6) the wording used in the surgery example portion of the instruction did not elevate the level of doubt needed to acquit Santiago; (7) the instruction, especially in the context of the charge as a whole, did not reduce the burden placed upon the Commonwealth to prove Santiago's guilt beyond a reasonable doubt; and (8) trial counsel cannot be considered ineffective for failing to object to a jury charge that was repeatedly upheld by the our appellate courts as constitutional).[8] Accordingly, we affirm on the basis of that opinion, with several additional comments.

_____

[8] The PCRA court also analyzed the issue in terms of appellate counsel's ineffectiveness for failing to challenge the instruction on direct appeal. *See* PCRA Court Opinion, 9/24/2019, at 9, 11. A review of Santiago's concise statement reveals that he raised the issue in that filing. *See* Petitioner's Rule 1925(b) Statement, 1/20/2019. However, in his appellate brief, Santiago solely alleged that trial counsel was ineffective for failing to raise the claim. Accordingly, he has abandoned the claim for appellate review purposes and we need not address it in our disposition of the case. *See Commonwealth v. Dunphy*, 20 A.3d 1215, 1218 (Pa. Super. 2011) (issues raised in Pa.R.A.P. 1925 concise statement not developed in appellate brief are abandoned).

First, while the PCRA court relies on older unpublished decisions to support its determination, we note there are more recent non-precedential decisions, which we find are applicable, persuasive authority due to limited precedent on the issue. ***See Commonwealth v. Nam***, No. 3641 EDA 2018 (Pa. Super., filed August 21, 2019) (unpublished memorandum); ***Commonwealth v. Moore***, No. 3211 EDA 2017 (Pa. Super., filed December 13, 2019) (unpublished memorandum).[9] ***See also*** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1 2019, may be cited for their persuasive value).

In ***Nam***, a panel of this Court addressed a nearly identical reasonable doubt instruction and determined that "when read in context of the entire instruction, the entire instruction states the law accurately." ***Nam***, 221 A.3d 301, 2019 WL 3946049, at *3. The panel also stated the trial court "used language similar to the standard instruction both before and after using a hypothetical to explain the concept of reasonable doubt," and "[a]lthough [the court's] instruction was personalized, trial judges are granted a certain degree of latitude in their jury instructions." ***Id.***

In ***Moore***, a panel of this Court analyzed a substantially similar jury instruction and stated "[a] jury instruction violates due process if there is a

---

[9] Santiago acknowledges ***Nam*** and **Moore** in his brief, but alleges these decisions either should not carry significant weight or should be construed in his favor. ***See*** Appellant's Brief, at 18, 28-29.

- 11 -

reasonable likelihood that the jury interpreted the instruction to allow a conviction based on a degree of proof below the reasonable doubt standard. **Moore**, 225 A.3d 1155, 2019 WL 6825166, at *5, *citing* **Victor v. Nebraska**, 511 U.S. 1, 5 (1994). The panel suggested the surgery analogy part of the instruction was "at best ambiguous" as to whether it lowered or increased the degree of doubt. **Moore**, 225 A.3d 1155, 2019 WL 6825166, at *5. Nevertheless, the panel concluded, "When we view the ambiguous medical illustration in combination with the trial court's accurate definition of the reasonable doubt standard, we do not believe there is a 'reasonable likelihood' that the jury applied the reasonable doubt standard in an unconstitutional manner." **Id.**

Turning to the present matter, in light of **Nam** and **Moore**, we agree with the PCRA court that when reviewing the reasonable doubt instruction *in toto*, the charge states the law accurately. **Nam**, 221 A.3d 301, 2019 WL 3946049, at *3. Moreover, we cannot conclude there is a "reasonable likelihood" that the jury applied the reasonable doubt instruction in an unconstitutional manner. **See Moore**, 225 A.3d 1155, 2019 WL 6825166, at *5.

Second, concerning Santiago's reliance on **Brooks**, **supra**, we reiterate that we are "not bound by the decisions of federal courts inferior to the U.S. Supreme Court." **In re Stevenson**, 40 A.3d 1212, 1216 (Pa. 2012). Even if we were to find **Brooks** applicable, it merits mention that Santiago's trial

occurred in 2008, and the **Brooks** decision was not filed until 2017. "The law in Pennsylvania is clear that counsel cannot be deemed ineffective for failing to predict changes in the law." **Commonwealth v. Hays**, 218 A.3d 1260, 1272 (Pa. 2019) (quotation and quotation marks omitted). As such, one cannot deem Santiago's trial counsel ineffective for failing to predict that a federal district court would interpret the law concerning a jury instruction to Santiago's benefit nine years after his trial.

Accordingly, we conclude the PCRA court did not err in finding the underlying claim regarding the reasonable doubt instruction lacked merit, and consequently, Santiago has not met his burden in establishing trial counsel was ineffective for failing to object to the instruction. **See Jones**, 815 A.2d at 611 (failure to satisfy any prong of the ineffective assistance of counsel test is fatal to the claim).

Lastly, we turn to Santiago's motion to remand the matter so that he can raise trial counsel's ineffectiveness for failing to present a critical witness, Frank Crutchley.[10] In his motion, Santiago is essentially alleging prior PCRA counsel was ineffective for failing to raise the argument concerning trial counsel's purported ineffectiveness, and seeks to file a supplemental PCRA

---

[10] Santiago seeks Crutchley's testimony because Crutchley was an inmate at the same time Santiago was an inmate at the Philadelphia Detention Center. Santiago avers Crutchley would have observed that Santiago did not talk to other inmates about his case as these other inmates had alleged. **See** Motion for Remand, 6/26/2020, at ¶¶ 5-11.

- 13 -

petition to circumvent any timeliness restraints. ***See generally*** Motion for Remand, 6/26/2020; ***see also*** 42 Pa.C.S.A. § 9545(b)(1) (time for filing petition).

Pursuant to Pennsylvania Rule of Criminal Procedure 904(C), a petitioner has a "rule-based right" to the assistance of counsel to litigate his first PCRA petition. ***See*** Pa.R.Crim.P. 904(C) ("[W]hen an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief."); ***see also Commonwealth v. Robinson***, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*) ("[A] criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process.").

Case law interpreting ineffectiveness claims being raised for the first time on appeal is complex and protracted. ***See Commonwealth v. Henkel***, 90 A.3d 16, 21-30 (Pa. Super. 2014) (*en banc*) (outlining "the history of the right to collateral review counsel in Pennsylvania and the concomitant right to effective representation"). Presently, the law provides that "absent recognition of a constitutional right to effective collateral review counsel, claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter." ***Commonwealth v. Ford***, 44 A.3d 1190, 1201 (Pa. Super. 2012). In order to preserve an

argument concerning PCRA counsel's ineffectiveness within the time constraints of the statute, one must raise the claim in response to the PCRA court's Rule 907 notice. *See Henkel*, 90 A.3d at 29-30; *Ford*, 44 A.3d at 1200-1201.[11]

> Rule 907, which provides the requirement of a notice of intent to dismiss and allows for the optional filing of a response, states that a PCRA court may dismiss a petition, grant leave to file an amended petition, or direct that proceedings continue twenty days after the date of the notice of dismissal, including if a defendant responds to the dismissal. The rule does not treat a response to its notice of dismissal as either an amended petition or a serial petition.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1187 (Pa. Super. 2012).

In *Commonwealth v. Smith*, 121 A.3d 1049 (Pa. Super. 2015), a panel of this Court stated:

> The purpose of a Rule 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims. The response to the Rule 907 notice is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to discern the potential for amendment. The response is also the opportunity for the petitioner to object to counsel's effectiveness at the PCRA level. When a PCRA court properly issues Rule 907 notice in compliance with the rules of criminal procedure, an appellant is deemed to have sufficient notice of dismissal.

*Smith*, 121 A.3d at 1054 (citations, quotations, and quotation marks omitted).

---

[11] *See Commonwealth v. Jette*, 23 A.3d 1032, 1044 n.14 (Pa. 2011); *Commonwealth v. Pitts*, 981 A.2d 875, 879 n.3, 880 n.4 (Pa. 2009).

Here, Santiago did not raise the issue of trial counsel's ineffectiveness for failing to call a witness in his counseled September 2017 amended PCRA petition. He also did not file a response to the PCRA court's Rule 907 notice.

We acknowledge that Santiago was represented by the purportedly ineffective counsel at the time the PCRA court issued its Rule 907 notice. However, this predicament does not warrant him any relief. In *Smith*, the panel addressed a similar issue where the appellant was represented by counsel at the time the Rule 907 notice was issued, and neither he nor his counsel filed a response. *Id.*, at 1054-1055. The appellant did not raise the issue of PCRA counsel's ineffectiveness until his Rule 1925(b) statement. Based on these circumstances, the panel concluded:

> [An a]ppellant had an affirmative duty to preserve his claims. If [the a]ppellant wanted to assert claims of ineffective assistance of PCRA counsel, he should have consulted counsel and/or the court to learn the correct procedure.… Thus, [the a]ppellant's substantive issues concerning PCRA counsel's assistance are waived, because [the a]ppellant failed to respond to the PCRA court's Rule 907 notice at any time before the court dismissed his petition. Once [the a]ppellant filed a notice of appeal, he waived his right to complain about PCRA counsel's stewardship, because [the a]ppellant was unable to raise those claims for the first time in his Rule 1925(b)statement.

*Id.* at 1055 (citations omitted).

Accordingly, in light of *Ford*, *Henkel*, and *Smith*, we conclude Santiago has waived any challenge to prior PCRA counsel's ineffectiveness for failure to call a witness because he did not raise the claim in a response to the PCRA

court's Rule 907 notice. **See Smith**, 121 A.3d at 1055. Therefore, his motion

to remand is denied.[12]

Order affirmed. Motion to remand denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/20

---

[12] Additionally, it merits mention that Santiago did raise the claim at issue in his *pro se* January 2014 petition, and in his *pro se* September 27, 2018 supplemental PCRA petition that was filed while represented by counsel. Nevertheless, the Pennsylvania Supreme Court has a "long-standing policy that precludes hybrid representation." **Jette**, 23 A.3d at 1036. Furthermore, the Supreme Court also stated there is no constitutional right to hybrid representation at trial or during PCRA proceedings. **See Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (Pa. 1993) (trial matters); **Commonwealth v. Pursell**, 724 A.2d 293 (Pa. 1999) (PCRA proceedings). The **Pursell** Court specifically stated: "We will not require courts considering PCRA petitions to struggle through the *pro se* filings of defendants when qualified counsel represent those defendants." **Id.**, at 302. Therefore, in light of the fact that Santiago had representation at the time, the PCRA court was only required to address the issues raised in the amended, counseled filings and not the *pro se* issues.